# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS,
# WACO DIVISION

| | |
|---|---|
| **BEVERLY YOUNGBLOOD,** § | |
|     Plaintiff § | |
| § | **CIVIL ACTION NO.** |
| v. § | |
| § | **6:20-cv-01145** |
| **IMPACT FIRE SERVICES, LLC,** § | |
|     Defendant § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now comes plaintiff, **BEVERLY YOUNGBLOOD,** a former employee of defendant, and files her complaint against **IMPACT FIRE SERVICE, LLC**, defendant, to recover overtime compensation, liquidated damages, attorney's fees, and costs, under the provisions of Section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §216(b)), hereinafter referred to as "the Act" or "the FLSA," respectfully showing as follows.

### I.   Parties

**1.**   Plaintiff Beverly Youngblood was an employee of defendant, who resides in the Western District of Texas, Waco Division.

**2.**   Defendant Impact Fire Services, LLC is a foreign limited liability company authorized to do business in Texas, and is engaged in commerce, as that term is defined by the FLSA. At all times relevant, defendant employed plaintiff out of its office in McLennan County, Texas.

## II.  Jurisdiction

3.  Jurisdiction of this action is conferred on this Court by 29 U.S.C. §216(b), and by the provisions of 28 USCS §1337, relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

## III.  Facts

4.  During the period from April 1, 2019, to the date of plaintiff's termination from defendant, October 23, 2020, or during portions of such period, defendant employed plaintiff.

5.  At all times relevant hereto, plaintiff was covered by the provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.,* because of her status as an employee of defendant, and because defendant was engaged in commerce.

6.  During the period beginning in January 2020, to October 23, 2020, defendant employed plaintiff in McLennan County, Texas.

7.  From January 2020, to October 2020, or during portions of such period, plaintiff was instructed not to report or record that she worked in excess of 40 hours per week even though she actually worked more than 40 hours per week.

8.  Plaintiff is not, and has not been at any time during her employment with defendant, exempt from receiving overtime pay at the rate of time and one-half for each hour worked in excess of 40 hours in a workweek, as provided by the Fair Labor Standards Act.

9.  During her employment with defendant, (1) plaintiff was not compensated on

a salary basis; (2) plaintiff's primary duty was not managing defendant's business or a recognized subdivision or department of defendant; (3) plaintiff's primary duty was not the performance of office or non-manual work that was directly related to the management or general business operations of defendant or its customers; and (4) her primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

10. Plaintiff's duties and responsibilities did not change during her employment with defendant.

11. Plaintiff worked more than 40 hours in certain workweeks during the term of her employment with defendant during the period of January 2020 to October 2020.

12. Prior to January 2020, defendant paid plaintiff time and one-half overtime pay for each hour worked in excess of 40 hours in a workweek.

13. However, during the period of January 2020, to October 2020, defendant paid plaintiff only her regular hourly rate for 40 hours per week.

14. During the period of January 2020, to October 2020, defendant did not pay plaintiff her regular rate plus the one-half-time overtime premium for each hour worked in excess of 40 hours in a workweek.

15. During the period from January 2020, to October 2020, defendant failed and refused to pay plaintiff her regular rate plus a half-time premium for all hours worked in excess of 40 hours during each week in which she worked in excess of 40 hours, in violation of the FLSA.

**16.** At no time since January 2020, has plaintiff been a party to a collective bargaining agreement with defendant.

**17.** Defendant is a "union-free work place."

## IV.    Cause of Action

**18.** Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

**19.** Plaintiff seeks the unpaid time and one-half-time pay to which she is entitled from defendant during the period of January 2020, to October 2020, for all hours worked in excess of 40 hours per week; liquidated damages; and all other relief available pursuant to the Fair Labor Standards Act.

**20.** Defendant did not act in good faith relative to whether it was in violation of the FLSA during the period of January 2020, to October 2020, with regard to plaintiff.

**21.** Consequently, plaintiff is entitled to liquidated damages, in addition to her unpaid time and one-half-time pay, for the period of January 2020, to October 2020.

## VI.    Attorney's Fees

**22.** In order to protect her interests and rights guaranteed by the laws of the United States, it was necessary that plaintiff secure the services of the Law Offices of R. John Cullar, licensed attorneys, to prepare and prosecute this suit. Plaintiff further seeks, upon final order of this Court, an equitable and just award of costs and reasonable and necessary attorney's fees for the representation by the above-referenced attorneys in the District Court, as well as a contingent award for costs

and reasonable and necessary attorneys' fees in the event the judgment of the District Court is appealed.

## VII.   Jury Demand

23. Plaintiff seeks a trial by jury on any fact issues to be determined herein.

## VIII.   Prayer

24. WHEREFORE, plaintiff prays that judgment be entered herein against defendant in the amounts respectively due plaintiff for the unpaid one and one-half-time compensation owed to her, liquidated damages, and costs under the provisions of the Fair Labor Standards Act of 1938, as amended, and that this Court also award a reasonable attorney's fee to be paid by defendant to plaintiff's attorney.

Respectfully submitted,

**LAW OFFICES OF R. JOHN CULLAR**
Baylor Tower
801 Washington Avenue, Suite. 500
Waco, Texas  76701
Phone: (254) 753-1991
Fax: (254) 753-0244
Email: jcullar@hot.rr.com


By:      /s/ John Cullar
**R. JOHN CULLAR**
STATE BAR NUMBER 05208400

ATTORNEYS FOR PLAINTIFF